UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMBER DUREN                                CIVIL ACTION

VERSUS                                     NUMBER 07-0876-JJB-SCR

JIMMIE STONEBARGER, ET AL.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 17, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMBER DUREN

VERSUS

JIMMIE STONEBARGER

CIVIL ACTION

NUMBER 07-0876-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Amber Duren. Record document number 6. The motion is opposed.[1]

Plaintiff filed suit in state court against defendants Jimmie Stonebarger, US National,[2] Zurich Insurance Company, and Empire Fire and Marine Insurance Company seeking damages for injuries resulting from a collision between a motorcycle and a tractor-trailer operated by defendant Jimmie Stonebarger. Plaintiff alleged that she was traveling on Highway 61 in the left lane as a passenger on a motorcycle when the motorcycle collided with the trailer of the tractor-trailer as it attempted to make a U-turn from the right lane. Plaintiff claimed that as a result of this accident she incurred the following injuries: neck pain, back pain, a left hand laceration and surgery, numerous contusions, pelvic

---

[1] Record document number 7.

[2] US National asserted that it had not been served and was not making a general appearance, but joined in the removal for the sole purpose of demonstrating its consent.

pain, headaches, chest pain, and left arm pain.[3] Plaintiff also alleged that the accident caused the death of her unborn fetus and sought wrongful death damages.[4] Plaintiff sought recovery of damages for physical pain and suffering, mental pain and suffering, disability and permanent scarring, loss of enjoyment of life, lost wages, and medical expenses.[5]

Although this action was filed on May 3, 2007, the defendants did not remove it until November 11, 2007. Defendants asserted jurisdiction under 28 U.S.C. § 1332(a) and alleged the complete diversity of the parties.[6] Defendants asserted that they did not originally remove the action because they could not ascertain the extent of the damages from the plaintiff's petition.[7] Defendants argued that they were not made aware of the required jurisdictional amount until they received the plaintiff's admission on October 24,

---

[3] Record document number 1, Notice of Removal, Exhibit A, Petition for Damages, ¶ 14.

[4] *Id.* at ¶ 13.

[5] *Id.* at ¶ 15.

[6] Record document number 1, Notice of Removal, ¶¶ 1 and 6; record document number 9, Defendants' Amended Notice of Removal. Defendants alleged that defendant Stonebarger is an Oklahoma citizen, defendant Zurich is a Delaware corporation with its principal place of business in Illinois, defendant US National Insurance is an Arkansas corporation with its principal place of business in Arkansas, defendant Empire is a Nebraska corporation with its principal place of business in Nebraska, and the plaintiff is a citizen of Louisiana.

[7] Record document number 1, Notice of Removal, ¶ 5.

2007 stating that her claim exceeded $75,000.[8]

Plaintiff moved to remand on the ground that the defendants notice of removal was untimely. Relying on the damages resulting from the wrongful death of her unborn fetus, the plaintiff argued it was facially apparent from the petition that the amount in controversy exceeded $75,000. Plaintiff argued that because the defendants did not file their removal within 30 days of service of her petition or amended petition, their removal is untimely.[9]

Defendants argued that it was not facially apparent from petition that the plaintiff's claims exceeded the requisite amount in controversy, particularly noting the plaintiff's claim for wrongful death of a fetus is not determinative of an award over $75,000. Defendants cited Louisiana state court cases to demonstrate the potential low value of the plaintiff's wrongful death claim.[10]

## Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d

---

[8] Notice of Removal, Exhibit B, Response to Request for Admission.

[9] Record document number 10, ¶ 1.

[10] *Danos v. St. Pierre*, 402 So.2d 633 (La. 1981) and *Pino v. Gauthier*, 633 So.2d 638 (La. App. 1 Cir. 1993).

3

26 (5th Cir. 1995).

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages,[11] the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Id.; Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233

---

[11] Article 893(A)(1) was amended in June 2004. The amendment provided that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required." This amendment was in effect when the plaintiff filed her petition. Plaintiff failed to include a general allegation stating that her claim was greater than the required jurisdictional amount. While not determinative, this factor supports the defendants' position.

4

F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

### Analysis

It is not facially apparent from the allegations in the plaintiff's petition that the value of her claims exceeds $75,000 exclusive of interest and costs. Plaintiff relied on her claim for the wrongful death to her unborn fetus to establish the existence

5

of required jurisdictional amount when she filed her state court petition. As the defendants have demonstrated, this type of claim will not automatically warrant an award near or in excess of $75,000.[12]

Plaintiff's description of her injuries is devoid of specific facts describing them with particularity. Plaintiff also generally claimed that she was suffering from severe physical and mental pain, disability and permanent scarring, loss of enjoyment of life, lost wages, and medical expenses. Without any facts or information about the nature and extent of any of the losses sustained by the plaintiff, it would be pure speculation to conclude that the jurisdictional amount is satisfied by the allegations in this petition.

Because the defendants have shown by a preponderance of evidence that it was not facially apparent from the petition that the amount in controversy exceeded $75,000, the time to remove the action did not begin to run until the defendants received an amended pleading, motion or other paper from which the required jurisdictional amount could be ascertained.[13] The record shows that the defendants first learned on October 24, 2007, when they received of the plaintiff's admission, that the plaintiff's case

---

[12] Record document number 7, opposition memorandum, pp. 5-6.

[13] 28 U.S.C. § 1446(b).

satisfied the jurisdictional amount. Defendants filed their notice of removal on November 11, 2007, which was within 30 days of receipt of this admission. Thus, removal was timely and the defendants have established that this court has subject matter jurisdiction under § 1332(a).

## Recommendation

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Amber Duren be denied.

Baton Rouge, Louisiana, January 17, 2008.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE